07 CIV 9746

JUDGE SWEET

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STUDENT AID FUNDS, INC. | |
| Plaintiff, | Civil Action No. |
| -against- | **Complaint** |
| CRACKER BARREL, | |
| Defendant. | |

## COMPLAINT

Plaintiff, United Student Aid Funds, Inc. ("USA Funds"), a federal student loan guaranty agency authorized by the United States Department of Education to bring this action, hereby files this Complaint pursuant to the Higher Education Act of 1965, 20 U.S.C. § 1095(a)(6). USA Funds seeks to compel the defendant, Cracker Barrel ("Defendant"), to comply with an Administrative Wage Garnishment Order regarding Defendant's employee, Patricia Bennett, who has defaulted on one or more federally guaranteed student loans. In support of its Complaint, USA Funds avers the following:

## THE PARTIES

1.      USA Funds is a Delaware non-profit corporation with its principal place of business located at 11100 USA Parkway, Fishers, Indiana 46038.

2.      Defendant has a principal place of business located at 6307 Chelsea CV N, Hopewell Junction, NY 12533-1140. Defendant currently employs or has in the past employed Patricia Bennett ("Borrower").

NY1 62111v1 10/11/07

## JURISDICTION

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as a civil action arising under the Higher Education Act of 1965, 20 U.S.C. § 1095(a)(6).

## VENUE

4. Venue in this action is proper in this District pursuant to 28 U.S.C. § 1391(c), in that Defendant conducts business in this district and the cause of action, in whole or in part, arose in this district.

## FACTUAL ALLEGATIONS

5. Under the Higher Education Action of 1965 ("the HEA"), Congress enacted a comprehensive program in which the federal government encouraged the making of loans by private lenders to eligible students to finance the students' post-secondary education. See 20 U.S.C. §§ 1071(a) & 1085(d). The federal government encourages the making of these loans by having the United States Department of Education pay part of the student's interest costs and by guaranteeing repayment of the loan to the lender or holder if the student defaults. See id. at § 1078(a), (c). This program, formerly known as the Guaranteed Student Loan Program, is presently known as the Federal Family Education Loan Program ("the Loan Program").

6. To assist the United States Department of Education in implementing and operating the Loan Program, Congress provided that the Secretary of the Department of Education ("the Secretary") could enter into agreements with guaranty agencies such as USA Funds. See 20 U.S.C. § 1085(j). A guaranty agency directly guarantees payment of a loan made by an eligible lender and pays the holder of the loan if the student defaults. The Secretary then reimburses the guaranty agency for all or part of these payments under what is called a

reinsurance agreement with the agency. See id. at § 1078(c). Guaranty agencies also receive funds to administer the program on behalf of the Secretary, including collecting defaulted student loans upon which the guaranty agency has paid the holder and received reimbursement from the Secretary. See id. § 1078(c)(2); 34 C.F.R. § 682.410(b). When a guaranty agency collects money on a defaulted student loan, it sends the majority to the Secretary and retains a portion of the money to defray its costs of collection. See 20 U.S.C. § 1078(c)(2)(D).

7.  The problem of defaulted student loans is of great magnitude and has the potential to threaten the integrity of the Loan Program. There are currently billions of dollars in defaulted student loans which the federal government and its taxpayers ultimately pay, if uncollected.

8.  To assist the Secretary and guaranty agencies in collecting defaulted student loans, in 1991, the U.S. Congress granted guaranty agencies the express authority to administratively issue wage garnishment orders to defaulted borrowers' employers requiring the withholding of up to fifteen percent (15%) of the disposable pay of these borrowers. See 20 U.S.C. § 1095(a). This section of the HEA explicitly preempts state laws and sets out procedures for providing students with due process, including prior notices of the agency's intent to withhold, a hearing if requested, and the issuance of a withholding order. See 20 U.S.C. § 1095a(a), (b); see also 34 C.F.R. § 62.410(b)(10). This section also provides that guaranty agencies may sue employers who fail to comply with the administrative wage garnishment and deduct and pay over wages to the agency as directed in the withholding order. See 20 U.S.C. § 1095(a)(6); see also 34 C.F.R. 682.410(b)(10)(I)(F).

9.  USA Funds is an authorized guaranty agency and has entered into a re-insurance agreement with the Secretary in accordance with 20 U.S.C. § 1078(c). Pursuant to its authority

under this agreement, USA Funds guaranteed student loans for Borrower. Borrower defaulted on his student loans and pursuant to its guarantees, USA Funds paid the note holders and received an assignment of the notes. USA Funds has also received reinsurance from the Secretary and has undertaken collection of the defaulted student loans as required by law.

10. Pursuant to federal law and regulations, USA Funds instituted the administrative process to withhold a portion of Borrower's wages from his employer, the Defendant. On March 16, 2007, USA Funds, or a collection agency working on USA Funds' behalf, served Borrower with the required thirty (30) day notice of intent to initiate withholding proceedings. Attached as Exhibit "A" is a true and correct copy of this notice. An administrative wage garnishment is instituted only after USA Funds has made repeated attempts to have Borrower pay or make arrangements to pay the defaulted student loans.

11. Since Borrower did not request a hearing under 20 U.S.C. § 1095a(b), USA Funds issued a wage withholding order on his employer, the Defendant, on April 18, 2007. A true and correct copy of the first Order of Withholding from Earnings (the "first Order") is attached as Exhibit "B."

12. Defendant failed to contact USA Funds or comply with the first Order. Defendant failed to remit, as required, any portion of Borrower's wages in accordance with the first Order. Consequently, USA Funds issued a subsequent wage withholding order on Defendant on May 21, 2007 -- requesting compliance with the first Order. A true and correct copy of the Second Notice of Order of Withholding from Earnings is attached as Exhibit "C."

13. On September 6, 2007, counsel for USA Funds sent Defendant a demand letter requesting compliance with the withholding order. A true and correct copy of this letter is attached as Exhibit "D."

14. Defendant has at all relevant times failed and refused to comply with the withholding order and has not withheld the appropriate portion of the wages of its employee, Borrower.

## COUNT I
## VIOLATION OF 20 U.S.C. § 1095a

15. Pursuant to the HEA, in the event an employer fails to comply with an administrative wage garnishment, the employer becomes liable for the portion of the wages of the defaulted borrower it failed to withhold after receipt of the Administrative Wage Garnishment Order. The statute provides for a money judgment against the employer for all past due amounts and injunctive relief to compel the employer to prospectively comply with the garnishment order. Moreover, the statute provides for an award of attorneys' fees to USA Funds, and in the Court's discretion, punitive damages.

16. Based upon the foregoing allegations, Defendant is in violation of 20 U.S.C. § 1095a, by refusing and failing to withhold the appropriate portion of Borrower's wages.

17. Because Defendant has refused to comply with the orders sent to it by USA Funds to withhold a portion of the wages of Borrower, Defendant is liable for any and all amounts it failed to withhold following receipt of the first Order in this case. The past due amounts equal either fifteen percent (15%) of Borrower's disposable pay, or such lesser amount as is dictated by 15 U.S.C. § 1673, from the date of Defendant's receipt of the first Order to the date Borrower ceases to be employed by Defendant or the date this Court enters judgment.

18. USA Funds is also entitled to its attorneys' fees as a result of hiring the undersigned counsel to prosecute this suit.

## COUNT II
## INJUNCTIVE RELIEF

19. Based upon Defendant's continuing refusal and failure to comply with the terms of the withholding order, USA Funds seeks a mandatory injunction requiring Defendant to prospectively withhold and remit fifteen percent (15%) of Borrower's disposable pay (or the amount required under 15 U.S.C. § 1673, if less), until Borrower's student loan indebtedness is paid in full, or Borrower ends his employment with Defendant, whichever occurs earlier.

20. USA Funds does not have an adequate remedy at law to prevent the multiplicity of lawsuits that would result from a continuing violation of 20 U.S.C. § 1095(a) by Defendant and thus is entitled to injunctive relief in addition to damages for Defendant's past violations.

WHEREFORE, USA Funds respectfully requests that this Court grant:

a. Judgment in favor of USA Funds and against Defendant for all amounts it failed to remit from the salary of Borrower, since the date of receipt of the first Order of Withholding;

b. Pre and post-judgment interest and collection costs on this amount as allowed by law;

c. A mandatory injunction requiring Defendant to withhold and remit the proper amount of money from the wages of Borrower until her defaulted student loan is either paid in full or she no longer works for Defendant;

      d.      Reasonable attorneys' fees and costs of court; and,

      e.      Such other and further relief to which USA Funds may show itself entitled.

Respectfully submitted,

FOX ROTHSCHILD LLP

*signature*

John A. Wait, Esq. (JW 2558)
100 Park Avenue, Suite 1500
New York, NY 10017
(212) 878-7900

Attorneys for Plaintiff
*United Student Aid Funds, Inc.*

Dated: October 30, 2007